UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WILLIAM ZIEGLER and <br> VICKI ZIEGLER <br><br> Plaintiffs <br><br> v. <br><br> POLARIS INDUSTRIES, INC., <br> A Minnesota Corporation, and <br> ERIC KIPP <br><br> Defendants | No. |

## COMPLAINT

NOW COMES the Plaintiffs, WILLIAM ZIEGLER and VICKI ZIEGLER, ("Zieglers"), by and through their attorney in this regard, Thomas M. Paris, and for their Complaint against POLARIS INDUSTRIES, INC., a Minnesota Corporation ("Polaris") and ERIC KIPP ("Kipp"), states as follows:

### INTRODUCTION

1. This is a diversity based tort action seeking recovery for substantial personal injuries suffered by Plaintiff, William Ziegler, who was a passenger in a Polaris All-Terrain Vehicle designed, manufactured and sold by Defendant, Polaris, which vehicle was being driven by Defendant, Eric Kipp. Vicki Ziegler is William Ziegler's wife, and presents a claim for loss of consortium.

### PARTIES, JURISDICTION AND VENUE

2. William Ziegler is an adult citizen and a resident of the State of Illinois.

3. Vicki Ziegler is an adult citizen and a resident of the State of Illinois.

4. Upon information and belief, Defendant, Polaris Industries, Inc. ("Polaris") is a

1

citizen and resident of Minnesota which regularly does business in the State of Michigan, and every other state within the United States. At all times pertinent to this complaint, Polaris was and is in the business of designing, manufacturing, marketing, promoting, advertising and selling motorized vehicles, including the vehicle in question which is a Polaris Ranger. The Court has personal jurisdiction over Polaris because of its continuous and systematic business contacts with the state of Michigan, the fact that Polaris maintains multiple authorized dealers in Michigan, and the fact that Polaris derives a substantial revenue from the sales of its products in Michigan, with knowledge that its products are being marketed, sold and used in Michigan.

5. Venue is proper over Polaris in this district and division because the claim arises from an incident which its foreseeable user, Eric Kipp, now resides.

6. Eric Kipp is an adult citizen of the state of Michigan, and the City of Greenville.

## OPERATIVE FACTS

7. William Ziegler was the passenger in Eric Kipp's 2017 Polaris Ranger, Model 570 on November 28, 2019 when it was involved in a single vehicle crash in Jackson County, North Carolina.

8. At approximately 1:15 a.m., Kipp was driving the subject Polaris on State Route 1705 near its intersection with State Route 1706 in Sylva, North Carolina, when the Polaris left the roadway, headed down an embankment and into a creek. At this time both Mr. Kipp and Mr. Ziegler were wearing their seatbelts. As the vehicle went down the embankment, or perhaps when it reached the creek it rolled over and landed into the creek.

9. During the aforementioned single vehicle crash the Rollover Protection System (ROPS) cracked, bent and gave way such that the rollbar above William Ziegler's head bent in and made contact with Plaintiff's skull, fracturing the same.

2

10. The subject Polaris Ranger was designed, marketed and sold with what Polaris calls a "Rollover Protection System" (or ROPS) as an interconnected series of metal bars and tubes going above the occupant compartment, which could be described as a roll cage.

11. In the subject's incident, however, the Rollover Protection System did not fulfill its name. Rather than provide protection from serious injury in a rollover, the Rollover Protection System instead collapsed and failed with the metal portion of the structure failing such that it made forceful impact with Mr. Ziegler's head causing significant injury, and also contributing to fracturing his spine.

12. At the time the subject vehicle and its Rollover Protection System was designed and manufactured, Polaris knew of the critical importance of the ROPS components in protecting occupants in foreseeable rollover incidents. Indeed, the very name of the system (which name appears on a sticker on the Ranger next to the Polaris logo confirm that Polaris knew that it made the Ranger with rollover protection that its user considered critical to occupant safety. Despite that knowledge, Polaris designed and manufactured various components of the Rollover Protection System in a way it knew, or should have known, would fail in a foreseeable rollover and lead to injury.

13. Polaris not only failed to warn the Plaintiff of the dangerous of the Rollover Protection System, but it affirmatively mislead him as to the risks of being a passenger in the vehicle as designed. Through the sticker on the subject Ranger referenced above, Polaris also informed users, including the Plaintiff here, that the Rollover Protection System or ROPS was tested "in accordance with OSCHA requirements of 29 CFR §1928.53, thereby insinuating that the system would serve its main purpose as a Rollover Protection System - - to protect passengers in the event of a rollover incident. But, Polaris failed to inform or warn the Plaintiff

(or any other consumer) that the Rollover Protection System would be essentially useless in protecting them in a foreseeable rollover sequence in which the rollbar, roll cage and other various components of the Rollover Protection System came into contact with the ground were likely to fail and collapse down forcefully onto passengers below.

14. At all relevant times, Polaris knew, and knows that the Ranger is designed to drive over off-road terrain such as was present at the point of Eric Kipp left the roadway.

15. Given Polaris' design choices in regard to specifications and components related to the ROPS make the vehicle inadequate and insufficiently robust to provide protection and crash worthiness in such events as encountered by the Plaintiff.

16. As a proximate result of the negligent design or negligent defects of the Rollover Protection System and the events described herein, William Ziegler sustained severe, painful, permanent, and disabling injuries including paralysis to his extremities as a result of a spinal fracture and injuries to his central nervous system as a result of the injuries to his brain. Mr. Ziegler remains an incomplete quadriplegic today, and is expected to have loss of feelings and use of his lower body for the remainder of his life based on the medical prognosis to date.

17. The subject Polaris Ranger was designed, manufactured, assembled, tested, labeled, and/or distributed and initially placed into the stream of commerce as a complete product by Defendant Polaris.

18. Upon information and belief, the subject Ranger was not substantially altered, modified, or changed as concerns the Rollover Protection System from the condition as initially manufactured, designed and put into the stream of commerce by Polaris.

## COUNT I

## Polaris - Strict Liability Design Defect

1-18    Plaintiffs reallege and incorporates herein by reference, as if fully set forth herein, Paragraphs 1-18 as and for Paragraphs 1-18 of Count I.

19.    At all times material to the allegations in this complaint, Defendant Polaris was in the business of designing, manufacturing and marketing motorized vehicles and did design, manufacture and market the subject Polaris Ranger at issue in this lawsuit.

20.    Polaris is liable to Plaintiff because the risks inherent in the subject vehicle design outweigh its utility, particularly given the availability of feasible, safe or alternative designs that would not impair the vehicle's functionality. In other words, the vehicle is defective as designed and sold.

21.    Polaris knew at all relevant times that the subject vehicle, like other all-terrain vehicles, would be involved in rollover crashes. Polaris knew that the subject vehicle needed a strong Rollover Protection System to protect occupants in those foreseeable rollover crashes. The very reason to design the system for protecting occupants in a rollover incident is implied in the name alone:  Rollover Protection System. Notwithstanding this, Polaris designed the subject vehicle with an insufficiently crashworthy Rollover Protection System that failed to protect the Plaintiff in what was a reasonably foreseeable crash.

22.    Polaris had a duty to warn users of nonobvious, foreseeable dangers from foreseeable use of its product. Polaris failed to adequately warn users, including the Plaintiff, of these dangers.

23.    As a direct and proximate result of the subject vehicle's defects, for which Polaris is strictly liable, William Ziegler suffered paralyzing, permanent injuries and damages in an

5

Case 1:23-cv-00112-MR-WCM   Document 1   Filed 11/10/21   Page 5 of 9

amount to be proven at trial and determined by a jury, but greatly in excess of the minimum required for jurisdiction of this court to wit: $75,000.00.

WHEREFORE, for all the foregoing reasons, the Plaintiffs pray this court enter judgment in favor of William Ziegler and against the Defendant, Polaris Industries, Inc., a Minnesota Corporation, for an amount in excess of $75,000.00, plus costs.

## COUNT II

## POLARIS - NEGLIGENCE

1-23.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1-23 of Count I as Paragraphs 1-23 of Count II.

24.   Polaris had a duty of reasonable care to design, manufacture, market and sell non-defective, crash worthy vehicles that are reasonably safe for occupants in foreseeable events, including the crash described above. Polaris also had a duty to adequately warn of dangers posed by the product's design. These duties fully applied to the subject vehicle.

25.   Defendant Polaris breached its duties in one or more of the following ways:

   a) Failed to design and manufacture the subject vehicle with an adequate, crashworthy Rollover Protection System, which was not prone to allowing the roll cage, rollbar and other various components to collapse, crack, and make contact with an injury an occupant in the course of a foreseeable rollover.
   b) Failing to design the Rollover Protection System with sufficient structural integrity, gauge, and any other factors to constitute a crash worthy component part of the subject vehicle to prevent injuries in foreseeable rollovers.
   c) Failed to design the subject vehicle with a sufficiently crash worthy occupant compartment.
   d) Failed to adequately warn of the dangers articulated in subsections a-c here.

26.   As a direct and proximate result of Polaris' negligence, William Ziegler suffered paralyzing, permanent injuries and damages in an amount to be proven at trial and determined by

6

a jury, but greatly in excess of the minimum required for jurisdiction of this court to wit: $75,000.00.

WHEREFORE, for all the foregoing reasons, the Plaintiffs pray this court enter judgment in favor of William Ziegler and against the Defendant, Polaris Industries, Inc., a Minnesota Corporation, for an amount in excess of $75,000.00, plus costs.

## COUNT III

## ERIC KIPP - NEGLIGENCE

1-18. Plaintiffs reallege and incorporates herein by reference, as if fully set forth herein, Paragraphs 1-18 as and for Paragraphs 1-18 of Count III.

19. On November 28, 2019, the Defendant, Eric Kipp, operated, and/or controlled a motor vehicle, namely the Polaris Ranger, as previously described and therefore owed a duty of reasonable care to his passenger William Ziegler.

20. In violation of the aforementioned duty, Eric Kipp, was negligent in one or more of the following ways:

   a) Failed to operate the vehicle in a manner such that it would not leave the roadway.
   b) Was otherwise careless and negligent.

21. As a direct and proximate result of Eric Kipp's negligence, William Ziegler suffered paralyzing, permanent injuries and damages in an amount to be proven at trial and determined by a jury, but greatly in excess of the minimum required for jurisdiction of this court to wit: $75,000.00.

WHEREFORE, for all the foregoing reasons, the Plaintiffs pray this court enter judgment in favor of William Ziegler and against the Defendant, Eric Kipp, a Michigan resident, for an amount in excess of $75,000.00, plus costs.

## COUNT IV

## VICKI ZIEGLER – LOSS OF CONSORTIUM - POLARIS

23. Now comes the Plaintiff, Vicki Ziegler, by and through her attorney in this regard, Thomas M. Paris, and for her complaint against Polaris Industries, Inc. and Eric Kipp, states as follows:

1-23. Plaintiffs reallege and incorporate herein by reference Paragraphs 1-23 of Count I as Paragraphs 1-23 of Count IV.

24. That as a direct and proximate result of the aforementioned negligent acts and/or omissions of the Defendant, the Plaintiff's husband, William Ziegler, then and there sustained severe and permanent injuries, both externally, and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs.

25. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, that Plaintiff, Vicki Ziegler, has been deprived, and is reasonably certain to be deprived in the future, of the society, companionship and conjugal relationship with her husband.

WHEREFORE, for all the foregoing reasons, the Plaintiffs pray this court enter judgment in favor of Vicki Ziegler and against the Defendant, Polaris Industries, Inc., a Minnesota Corporation, for an amount in excess of $75,000.00, plus costs.

## COUNT V

## VICKI ZIEGLER – LOSS OF CONSORTIUM – ERIC KIPP

1-21. Plaintiffs reallege and incorporate herein by reference Paragraphs 1-21 of Count III as Paragraphs 1-21 of Count V.

22. That as a direct and proximate result of the aforementioned negligent acts and/or

omissions of the Defendant, the Plaintiff's husband, William Ziegler, then and there sustained severe and permanent injuries, both externally, and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs.

23. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, that Plaintiff, Vicki Ziegler, has been deprived, and is reasonably certain to be deprived in the future, of the society, companionship and conjugal relationship with her husband.

WHEREFORE, for all the foregoing reasons, Vicki Ziegler prays this court enter judgment in favor of Vicki Ziegler and against the Defendant, Eric Kipp, for an amount in excess of $75,000.00, plus costs.

Respectfully submitted,
By: /s/ *Thomas M. Paris*
Attorney for Plaintiffs

Thomas M. Paris
Attorney & Counselor at Law
55 West Monroe, Suite 3330
Chicago, Illinois 60603
(312) 759-1600
(312) 201-1436 (FAX No.)
tp@tomparislaw.com