IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00112-MR-WCM

| | |
|---|---|
| WILLIAM ZIEGLER and VICKI ZIEGLER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) **O R D E R**<br>) |
| POLARIS INDUSTRIES, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Seal. [Doc. 93].

The Defendant moves for leave to file under seal its Motion for Summary Judgment, the Supporting Memorandum, and certain exhibits related to its summary judgment filings. [Doc. 93]. The Plaintiffs do not oppose the Defendant's motion. [Id.].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be

rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)).  The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion.  The Defendant's motion was filed on September 8, 2023, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the motion, supporting brief, and exhibits at issue reference the sensitive and personal health information

2

Case 1:23-cv-00112-MR-WCM   Document 98   Filed 09/18/23   Page 2 of 3

of both the Plaintiff William Ziegler and a non-party who was also involved in the accident at issue, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of these materials is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal [Doc. 93] is **GRANTED**, and the documents filed collectively as Document 97 shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: September 18, 2023

Martin Reidinger
Chief United States District Judge