IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00112-MR-WCM

| | |
|---|---|
| WILLIAM ZIEGLER and VICKI ZIEGLER, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>POLARIS INDUSTRIES, INC., )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Defendant's Unopposed Motion for Leave to File Under Seal the Supplemental Expert Report of Robert E. Burnham [Doc. 172].

Defendant argues that Dr. Burnham's supplemental report [Doc. 176] should remain under seal because the Court previously sealed Defendant's motion for summary judgment, its supporting brief, and the exhibits thereto, and because the supplemental report "contains confidential business records and other sensitive commercial information (including but not limited

to financial information, trade secrets, design documents, and contracts)."[1] [Doc. 173 at 2-3].

Before sealing a document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is allowed, a party is still required to file in the public record a version of the document with only those portions that are allowed to be sealed having been redacted. United States v. Harris, 890 F.3d 480, 491-92 (4th Cir. 2018).

Here, Defendant has failed to provide a sufficient basis as to why less drastic alternatives to wholesale sealing would not be effective. It provides, at most, only grounds for why portions of Dr. Burnham's supplemental report may be sealed. However, when grounds are sufficient only to allow sealing portions of a pleading, a party must file a publicly accessible version of the pleading that redacts only those portions allowed to be sealed. See id.

---

[1] As a primary matter, the Court allowed Defendant's summary judgment materials to be sealed because they contained the "sensitive and personal health information of both the Plaintiff William Ziegler and a non-party . . . ." [See Doc. 98 at 2-3]. Dr. Burnham's supplemental report does not contain this type of private information. Thus, the Court's prior Order is no basis for sealing the supplemental report.

2

Further, Defendant's motion fails to identify with sufficient specificity the applicable portions of Dr. Burnham's supplemental report to be sealed such as to allow the Court to make findings specific enough to determine whether sealing of those portions is consistent with the First Amendment or common law right to public access. Moreover, certain portions of Dr. Burnham's supplemental report contain material that is already publicly available and therefore, that it not appropriate for sealing.

As such, Defendant's motion fails to provide a sufficient basis to support a decision to seal Dr. Burnham's supplemental report, and for rejecting the alternatives to sealing. For these reasons, Defendant's motion is denied. However, the Court will allow the supplemental report to remain temporarily under seal pending Defendant filing a renewed Motion to Seal that identifies with specificity the portions to be sealed and provides a sufficient basis for the sealing thereof.

**IT IS, THEREFORE, ORDERED** that Defendant's Unopposed Motion for Leave to File Under Seal the Supplemental Expert Report of Robert E. Burnham [Doc. 172] is hereby **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendant shall file a Motion to Seal that identifies with specificity the portions of Dr. Burnham's supplemental report to be sealed and provides sufficient grounds for the sealing thereof,

3

as well as a publicly accessible version of the supplemental report that redacts only those portions sought to be sealed within fourteen (14) days of the entry of this Order. Dr. Burnham's supplemental report [Doc. 176] shall remain temporarily under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: July 1, 2024

Martin Reidinger
Chief United States District Judge

4

Case 1:23-cv-00112-MR-WCM   Document 180   Filed 07/01/24   Page 4 of 4