THE BUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| WILLIAM ZIEGLER and VICKI ZIEGLER, | Case No. 1:23-cv-00112 |
| Plaintiffs, | CHIEF JUDGE MARTIN REIDINGER |
| v. | MAGISTRATE JUDGE W. CARLETON METCALF |
| POLARIS INDUSTRIES INC., | |
| Defendant. | |

**DEFENDANT POLARIS INDUSTRIES INC.'S MEMORANDUM IN SUPORT OF MOTION IN LIMINE TO BAR REFERENCES TO *SPENCER v. HONDA* DECISION**

## I.  Introduction

Pursuant to Rule 7.1 of the Rules of Practice and Procedure of the U.S. District Court for the Western District of North Carolina, Defendant Polaris Industries Inc. ("Polaris") respectfully moves *in limine* to bar references to the judicial decision in *Spencer v. Honda Motor Corp.*, No. 2:21-cv-00988-JAM-DMC, 2022 WL 14863071 (E.D. Cal. Oct. 26, 2022)[1]. From discussions with opposing counsel and

---

[1] *Spencer v. Honda* is a decision from the U.S. District Court for the Eastern District of California on defendant Honda's motion to dismiss, which includes that court's interpretation of an OSHA regulation. The case is still ongoing and, as such, the court's ruling may be impacted as the litigation continues. Additionally, the decision is unpublished and has not been cited to by any other court outside of this current case. Furthermore, Polaris was not a party to that lawsuit and, as such, it was not involved in those proceedings in any way. No Polaris vehicle was at issue in *Spencer v. Honda*, nor were any Polaris engineering, testing, or design decisions.

1

the discovery that has taken place, Polaris anticipates that Plaintiffs will attempt to enter into evidence or at least argue that a judicial ruling on a motion to dismiss in the *Spencer v. Honda* case is relevant to this case and should be considered by the jury. The Court should preclude any mention of this decision in front of the jury because: (1) it is inadmissible hearsay, (2) it is irrelevant, and (3) it is substantially more prejudicial than probative. Additionally, to the extent Plaintiffs attempt to argue that they are entitled to enter this ruling into evidence via a collateral estoppel or issue preclusion theory, Plaintiffs plainly cannot meet the requirements for any such doctrine to apply.

## II. Law and Argument

Polaris anticipates that Plaintiffs will attempt to introduce this decision into evidence, or at least make reference to this decision during their arguments. Throughout discovery in this matter, Plaintiffs' counsel has continually referred to *Spencer v. Honda* in conversations between counsel and even questioned Polaris's corporate representative on the decision during his deposition. Any reference to *Spencer v. Honda*, or attempt to introduce this decision as evidence, should be barred as it constitutes inadmissible hearsay, is irrelevant, is highly prejudicial, and is improper offensive nonmutual collateral estoppel.

### a. The judicial opinion in *Spencer v. Honda* is inadmissible hearsay.

In the Fourth Circuit, rulings from another court are deemed inadmissible hearsay unless there is an express exemption in the Federal Rules of Evidence allowing them to be admitted. *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993). Here, no such exemption exists.

Polaris anticipates that Plaintiffs may seek to enter into evidence, or at least argue to the jury, that the *Spencer v. Honda* ruling is somehow relevant to this case or to the jury's consideration of Plaintiffs' claims. *Nipper v. Snipes* expressly precludes this possibility. In *Nipper*, the Fourth Circuit addressed the question of whether judicial findings of fact made in a state court in a different case involving some of the same parties[2] were properly admitted into evidence. *Id.* at 416. The court noted at the outset that judicial decisions were hearsay and inadmissible unless an exception applies. *Id.* at 417. Plaintiffs in *Nipper* attempted to argue that the judicial finding constituted a public record under Federal Rule of Evidence 803(8)(c)[3] and was therefore admissible. *Id.* The Fourth Circuit rejected this argument, stating "[t]here is not the slightest hint, from either the text of the rule or the advisory committee note, that the rule applies to judicial findings of fact." *Id.* The court went even further to note that "at common law a judgment from another case would not

---

[2] Unlike the *Nipper* case, Polaris was not a party in the *Spencer v. Honda* matter. Nonetheless, the *Nipper* court's reasoning for excluding the prior judicial opinion in *Nipper* is applicable here.

[3] Now FED. R. EVID. 803(8)(A)(iii).

3

be admitted," and specifically emphasized that, when the drafters of the Federal Rules wanted to allow the admission of other judgments or their underlying facts, they did so expressly. *Id.* (citing FED. R. EVID. 803(22) (relating to judgment of a previous conviction), and FED. R. EVID. 803(23) (relating to judgments involving personal, family, or general history, or a boundary)).

The reasoning that the Fourth Circuit applied in *Nipper* is directly applicable here. Plaintiffs are attempting to refer to and potentially enter into evidence the judicial opinion of a court in California, in a case where Polaris was not even a party. The *Spencer v. Honda* decision is hearsay and does not constitute a public record such that it would still be admissible. The decision was made by a court, not an "investigator." Therefore, under *Nipper,* references to or any attempt to introduce the *Spencer v. Honda* decision is explicitly prohibited. 7 F.3d 415 at 417; *see also Est. of Rink by Rink v. Vicof II Tr.*, 5:20-cv-00039-KDB, 2022 WL 1445233, *5 (W.D.N.C. May 6, 2022) ("The findings by another court, applying different law, in a different case involving different parties (even where there is some similarity of counsel and certainly interests) will not be permitted to be introduced into this case as substantive evidence.") As such, Plaintiffs should not be allowed to introduce into evidence or make any reference to the *Spencer v. Honda* decision.

### b. The *Spencer v. Honda* decision is irrelevant and therefore inadmissible under Rule 402.

4

The *Spencer v. Honda* decision is wholly irrelevant to this litigation. Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a consequential fact more or less probable. FED. R. EVID. 401; *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 349 (4th Cir. 2014). Under Federal Rule of Evidence 402, "irrelevant evidence is not admissible."

The *Spencer v. Honda* decision is not relevant. That decision involved wholly different parties, a different product, a different vehicle manufacturer's design and testing, and a very incomplete record since it was decided at the motion to dismiss phase. In this matter, both sides have had the opportunity to conduct discovery into Polaris's interpretation of OSHA § 1928.51 and § 1928.53, Polaris's design and testing of the ROPS, and the potential causes of Plaintiffs' injuries in this case. Plaintiffs attempted to put forth an expert opinion on this issue, and the Court concluded that the expert's opinion regarding the interpretation of OSHA § 1928.51 and § 1928.53, which was based on nothing more than his interpretation of the standard's language and the *Spencer v. Honda* case, was an "unhelpful legal conclusion." [Doc. 166, p. 29.] Given the Court's *Daubert* rulings, Plaintiffs have no expert that can tie Polaris's interpretation of OSHA § 1928.51 and § 1928.53 to any injury suffered by Plaintiffs. As a result, any attempt by Plaintiffs' counsel to cite to the *Spencer v. Honda* decision or argue about it does not have any tendency

to make any consequential fact in this case more or less probable and is, therefore, not relevant under Federal Rule of Evidence 402.

### c. The prejudicial effect of allowing references to the *Spencer v. Honda* decision substantially outweighs any probative value.

Any reference to or attempt to introduce the *Spencer v. Honda* decision must also be excluded under Federal Rule of Evidence 403, because any probative value that its introduction would provide is vastly outweighed by its likely prejudicial impact on the jury. As explained above, this court's decision is irrelevant to this case and has little to no probative value.

Under Federal Rule of Evidence 403, "unfair prejudice" occurs when evidence is presented to a jury that has "an undue tendency […] to influence the jury to make a decision for reasons unrelated to the probative value of the evidence." *Carnell Constr. Corp. v. Danville Redevelopment & Hous. Auth.*, 745 F.3d 703, 719 (4th Cir. 2014). Importantly, judicial findings "present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." *Nippers*, 7 F.3d 415 at 418 (citing *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp. 1125, 1186 (E.D. Pa. 1980) (reversed on other grounds by *In re Japanese Elec. Prods. Antitrust Litig.,* 723 F.2d 238 (3d Cir. 1983))). Therefore, permitting such evidence to be presented to a jury or mentioned by Plaintiffs' counsel increases the likelihood of undue prejudice because the jury will likely overvalue the importance of this

6

unrelated judicial decision that does not concern a Polaris vehicle and was made in proceedings to which Polaris was not a party. Allowing reference to the *Spencer v. Honda* decision increases the risk of causing the jury to reach a decision based, not on the "probative" evidence in this case, *Carnell Constr. Corp.*, 745 F.3d at 719, but rather based on the findings of another court. As such, this Court should exercise its discretion by excluding any reference to the *Spencer v. Honda* decision under Federal Rule of Evidence 403.

### d. Any reference to or the admission into evidence of the *Spencer v. Honda* decision would constitute improper nonmutual offensive collateral estoppel.

Plaintiffs may attempt to argue that the *Spencer v. Honda* ruling is relevant and admissible via the doctrine of collateral estoppel. Plaintiffs cannot meet their burden that collateral estoppel would apply in these circumstances. Under North Carolina law,[4] the party invoking collateral estoppel must show: "(1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined." *McDonald v. Skeen*, 152 N.C. App. 228, 230, (2002); *see Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 429-30,

---

[4] In diversity cases, such as this one, the state law estoppel rules apply. *Death & Taxes, LLC v. Cincinnati Ins. Co.*, No. 5:21-cv-125-D, 2022 WL 337196, at *1 (E.D.N.C. Feb. 2, 2022) ("Because this case arises in the court's diversity jurisdiction and a North Carolina state court issued the earlier decision, North Carolina estoppel rules apply.").

7

(1986). When a party asserts nonmutual offensive collateral estoppel (when a plaintiff is seeking to estop a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff), as Plaintiffs may attempt here, the party must also show that applying collateral estoppel is not unfair to the party to be estopped. Courts may consider numerous factors, including whether "(1) the defendant had little incentive to defend vigorously in the first action; (2) the judgment relied upon as the basis for the estoppel is inconsistent with previous judgments; and (3) the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result." *Rymer v. Est. of Sorrells ex rel. Sorrells*, 127 N.C. App. 266, 270 (1997).

Any attempt to introduce into evidence or refer to the *Spencer v. Honda* decision would be improper nonmutual offensive collateral estoppel. First, Polaris was not a party to the *Spencer v. Honda* case, and neither were Plaintiffs. "In both the offensive and defensive use situations, the party against whom estoppel is asserted has litigated and lost in an earlier action." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 329 (1979). Polaris has not "litigated and lost" in an earlier action, as Polaris was not a part of the earlier action – here the *Spencer v. Honda* case.

Second, Polaris has not had an opportunity to present its evidence and arguments on the issue of the interpretation of OSHA § 1928.51 and § 1928.53. Therefore, Polaris has not had the opportunity to fully and fairly litigate this issue.

8

No Polaris product, let alone Polaris's testing, engineering, or design, was at issue in the *Spencer v. Honda* case, and Polaris never had the opportunity to present its legal positions in that action for the court's consideration. As the U.S. Supreme Court noted in *Taylor v. Strugell*, "[t]he application of claim and issue preclusion to nonparties . . . runs up against the deep-rooted historic tradition that everyone should have his own day in court." 553 U.S. 880, 892-93 (2008) (internal citations omitted). Polaris has not had its "day in court." Rather, Plaintiffs are attempting to offensively use the *Spencer v. Honda* decision against Polaris, a non-party to the previous litigation. This attempted use of collateral estoppel has been rejected by the courts. *See, e.g., Md. Nat'l Bank v. Gellman*, No. HAR-85-623, 1991 WL 111481, *2-3 (D. Md. June 18, 1991).

Finally, *Spencer v. Honda* decided defendant Honda's motion to dismiss. 2022 WL 14863071, at *4. Therefore, the court's interpretation of OSHA § 1928.51 was made without the benefit of a full evidentiary record. There were no significant legal arguments based on the evidence in that case made by the parties, and there was certainly no legal argument made by Polaris in that case. Therefore, there could "readily" be a different result regarding the proper interpretation of that regulation in this litigation. *Parklane Hosiery Co.*, 439 U.S. at 331. As such, any argument by Plaintiffs that the *Spencer v. Honda* decision is admissible or can be referenced under the doctrine of collateral estoppel necessarily fails.

9

## III. Conclusion

For the foregoing reasons, this Court should grant Polaris's Motion *in Limine* excluding all references to, or attempt to enter into evidence, the *Spencer v. Honda* decision.

December 5, 2024                  Respectfully submitted,

*/s/ James M. Dedman, IV*
James M. Dedman, IV, N.C. Bar No. 37415
GALLIVAN WHITE & BOYD, P.A
6805 Carnegie Blvd., Suite 200
Charlotte, NC 28211
Telephone: (704) 227-1944
Facsimile: (704) 362-4850
Email: jdedman@gwblawfirm.com

Justin A. Barker (admitted pro hac vice)
Matthew E. Nirider (admitted pro hac vice)
Dawn M. Beery (admitted pro hac vice)
Alison S. Cooney (admitted pro hac vice)
NELSON MULLINS RILEY & SCARBOROUGH LLP
123 N. Wacker Drive, Suite 2100
Chicago, IL 60606
Telephone: (312) 376-1022
Facsimile: (312) 264-9491
Email: Justin.Barker@nelsonmullins.com
Email: Matt.Nirider@nelsonmullins.com
Email: Dawn.Beery@nelsonmullins.com
Email: Alison.Cooney@nelsonmullins.com

*Counsel for Defendant Polaris Industries Inc.*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| WILLIAM ZIEGLER and VICKI ZIEGLER, <br><br> Plaintiffs, <br><br> v. <br><br> POLARIS INDUSTRIES INC., <br><br> Defendant. | Case No. 1:23-cv-00112 <br><br> CHIEF JUDGE MARTIN REIDINGER <br><br> MAGISTRATE JUDGE W. CARLETON METCALF |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2024, a copy of the foregoing Memorandum in Support of Polaris Industries Inc.'s Motion *in Limine* to Bar References to the *Spencer v. Honda* Decision was filed electronically and served upon all counsel of record through the Court's Electronic Case Filing System.

/s/ James M. Dedman, IV
James M. Dedman, IV

*Counsel for Defendant Polaris Industries Inc.*