UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| WILLIAM ZIEGLER and VICKI ZIEGLER,<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES INC.,<br><br>Defendant. | Case No. 1:23-cv-00112<br><br>CHIEF JUDGE MARTIN REIDINGER<br><br>MAGISTRATE JUDGE W. CARLETON METCALF |

**DEFENDANT POLARIS INDUSTRIES INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE REFERENCES TO AUTOMOBILE SAFETY AND ENGINEERING STANDARDS**

## I. Introduction

Pursuant to Rule 7.1 of the Rules of Practice and Procedure of the U.S. District Court for the Western District of North Carolina, Defendant Polaris Industries Inc. ("Polaris") respectfully moves *in limine* to exclude all refences to safety and engineering standards that apply to automobiles. This lawsuit concerns a 2018 Polaris Ranger 570, which is an **off-road** vehicle that is neither governed by nor designed in accordance with **on-road** automobile safety and engineering standards. Polaris anticipates that Plaintiffs will attempt to refer to on-road vehicle safety and engineering standards and argue that Polaris should have complied with those standards. Notably, Plaintiffs' own (former) expert testified in his deposition that

1

these standards do not apply to the Subject Vehicle. Therefore, any such argument is irrelevant, confusing, and misleading to a jury, and highly prejudicial to Polaris. As a result, any reference to automobile safety and engineering standards should be excluded under Federal Rules of Evidence 402 and 403.

## II. Law and Argument

Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a consequential fact more or less probable. FED. R. EVID. 401; *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 349 (4th Cir. 2014). Under Federal Rule of Evidence 402, "irrelevant evidence is not admissible." In addition to relevance, the probative value of evidence must not be substantially outweighed by the danger that it will cause unfair prejudice or mislead the jury. FED. R. EVID. 403. A trial court has latitude to balance the "probative value and prejudice" of all evidence, including the decision to "exclude as unduly prejudicial" evidence even if it is relevant. *McKiver v. Murphy-Brown, LLC.*, 980 F.3d. 937, 993 (4th Cir. 2020) (Agee, J., concurring in part) (citing *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008)).

### a. References to automobile safety or engineering standards are irrelevant and therefore inadmissible under FRE 402.

Automobile safety or engineering standards are wholly irrelevant to this litigation. It is undisputed that this lawsuit does not involve an on-road vehicle and therefore the on-road vehicle safety and engineering standards are not relevant to

2

any of the design or testing issues presented by this lawsuit. Plaintiffs attempted to put forth an expert opinion regarding the purported superiority of automobile standards over off-road vehicle standards, and the Court concluded that the expert's opinions regarding these automobile safety standards "are plainly irrelevant to this UTV at issue and thus, testimony based thereon would be unhelpful." [Doc. 166, p. 28.] During the depositions of Polaris's corporate representatives, Plaintiffs' counsel questioned them regarding the standards applicable to automobiles. Plaintiffs' counsel should be precluded from asking Polaris's witnesses at trial about these unrelated automobile standards because the Court has already found them to be irrelevant and unhelpful. Any attempt by Plaintiffs' counsel to refer to those automobile standards and any potential testimony related to those standards should be excluded under Federal Rule of Evidence 402. ("Irrelevant evidence is inadmissible.")

### b. Allowing testimony or references to automobile safety or engineering standards will only confuse and mislead the jury.

Even if on-road automotive safety and engineering standards were relevant to this off-road vehicle lawsuit, which they are not, any evidence or testimony referencing these standards should still be excluded because any minimal probative value of such evidence is vastly outweighed by its prejudicial impact on the jury. Under Federal Rule of Evidence 403, "unfair prejudice" occurs when evidence is presented to a jury that has "an undue tendency […] to influence the jury to make a

3

decision for reasons unrelated to the probative value of the evidence." *Carnell Constr. Corp. v. Danville Redevelopment & Hous. Auth.*, 745 F.3d 703, 719 (4th Cir. 2014).

On-road vehicles are designed, tested, and regulated in accordance with an entirely different set of standards than are off-road vehicles. Plaintiffs' own expert, David Bosch, who has since been excluded from this litigation under this Court's *Daubert* ruling, admitted that on-road vehicle standards do not apply to the Subject Vehicle. [Doc. 102-7, Bosch Dep., 103:12–17.] Admitting evidence related to safety and engineering standards that explicitly do not apply to the Subject Vehicle will confuse and mislead the jury because the jury may attempt to mistakenly apply on-road vehicle standards to this off-road vehicle, which would lead to an unfair and incorrect outcome not based on relevant evidence. As such, this Court should exercise its discretion by excluding testimony and/or references to automobile safety and engineering standards under Federal Rule of Evidence 403.

### III. Conclusion

For the foregoing reasons, this Court should grant Polaris's Motion *in Limine* excluding all references to automobile safety and engineering standards.

December 5, 2024                  Respectfully submitted,

                                        */s/ James M. Dedman, IV*
                                         James M. Dedman, IV, N.C. Bar No. 37415
                                         GALLIVAN WHITE & BOYD, P.A

6805 Carnegie Blvd., Suite 200
Charlotte, NC 28211
Telephone: (704) 227-1944
Facsimile: (704) 362-4850
Email: jdedman@gwblawfirm.com

Justin A. Barker (admitted pro hac vice)
Matthew E. Nirider (admitted pro hac vice)
Dawn M. Beery (admitted pro hac vice)
Alison S. Cooney (admitted pro hac vice)
NELSON MULLINS RILEY &
SCARBOROUGH LLP
123 N. Wacker Drive, Suite 2100
Chicago, IL 60606
Telephone: (312) 376-1022
Facsimile: (312) 264-9491
Email: Justin.Barker@nelsonmullins.com
Email: Matt.Nirider@nelsonmullins.com
Email: Dawn.Beery@nelsonmullins.com
Email: Alison.Cooney@nelsonmullins.com

*Counsel for Defendant Polaris Industries Inc.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| WILLIAM ZIEGLER and VICKI ZIEGLER, | Case No. 1:23-cv-00112 |
| Plaintiffs, | CHIEF JUDGE MARTIN REIDINGER |
| v. | MAGISTRATE JUDGE W. CARLETON METCALF |
| POLARIS INDUSTRIES INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2024, a copy of the foregoing Memorandum in Support of Polaris Industries Inc.'s Motion *in Limine* to Exclude References to Automobile Safety and Engineering Standards was filed electronically and served upon all counsel of record through the Court's Electronic Case Filing System.

*/s/ James M. Dedman, IV*
James M. Dedman, IV

*Counsel for Defendant Polaris Industries Inc.*

6

Case 1:23-cv-00112-MR-WCM    Document 210    Filed 12/05/24    Page 6 of 6