UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| WILLIAM ZIEGLER and VICKI ZIEGLER,<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES INC.,<br><br>Defendant. | Case No. 1:23-cv-00112<br><br>CHIEF JUDGE MARTIN REIDINGER<br><br>MAGISTRATE JUDGE W. CARLETON METCALF |

**POLARIS INDUSTRIES INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE DISCLOSED AFTER THE DISCOVERY DEADLINE**

**I.    Introduction**

Pursuant to Rule 7.1 of the Rules of Practice and Procedure of the U.S. District Court for the Western District of North Carolina, Defendant Polaris Industries Inc. ("Polaris") moves *in limine* pursuant to Federal Rules of Civil Procedure 37(c) and 26(a) to exclude any evidence disclosed by Plaintiffs after the discovery deadline. Under Federal Rule of Civil Procedure 37(c), if a party fails to disclose evidence, then that "party is not allowed to use that information…at a hearing, or at a trial, unless the failure was substantially justified or is harmless." It appears that Plaintiffs are attempting to use two categories of evidence that were not timely disclosed during discovery: (1) declarations of Allison Farmer and Mark Farmer concerning

Dark Ridge Road; and (2) photographs of the crash scene taken by Nina Kipp on November 29, 2020, but not disclosed until September 29, 2023, more than six months after the fact discovery cut-off in this case. Plaintiffs have provided no justifiable excuse for why these witnesses and this evidence were not disclosed in a timely manner during the fact discovery phase. Plaintiffs' failure to timely disclose this evidence prevented the parties from conducting additional fact discovery on those matters or incorporating this evidence into their expert theories, if necessary. Allowing either category of evidence to be offered into evidence at trial will have a substantially prejudicial impact on Polaris. As a result, both categories of evidence should be excluded at trial.

## II. Rule 37(c) Precludes the Use of Untimely Evidence

When a party fails to make a disclosure "as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, ***or at a trial***, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c) (emphasis added). "The Rule 37(c) advisory committee notes emphasize that the automatic sanction of exclusion provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *Gomez v. Haystax Tech., Inc.,* 761 F. App'x 220, 229 (4th Cir. 2019) (affirming trial court's order to exclude plaintiff's late disclosure of five fact witnesses; subsequently granting defendant's summary judgment motion).

2

Case 1:23-cv-00112-MR-WCM    Document 212    Filed 12/05/24    Page 2 of 10

The purpose of Rule 26(a) is to allow litigants "to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). District courts are accorded "broad discretion" in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (quoting *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)). In making this determination, district courts are guided by the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States*, 318 F.3d at 597. The first four factors listed above relate primarily to the harmlessness exception, while the last factor, addressing the party's explanation for its nondisclosure, relates mainly to the substantial justification exception. *Id.* The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless. *Wilkins*, 751 F.3d at 222 (citations omitted).

### III. Relevant Background

Plaintiffs filed their complaint in this matter on November 10, 2021. [Doc. 1.] Fact discovery formally closed on March 10, 2023. [Doc. 54.] Since that date, there

has been an additional case management order entered further confirming that fact discovery was complete. [Doc. 80.] Therefore, Plaintiffs had 16 months to conduct and complete fact discovery. Additionally, in April 2023, the parties exchanged expert reports, and expert depositions were completed by the close of expert discovery on August 10, 2023. On September 11, 2023, after the close of both fact and expert discovery, Polaris filed its Motion for Summary Judgment. [Doc. 97.] In response, just over two weeks later, on September 28th and September 29th, 2023, Plaintiffs disclosed these two additional categories of information for the first time. [Ex. 1, September 28, 2023 email from T. Paris and attachment; Ex. 2, September 29, 2023 email from T. Paris and attachment.]

**A. The Farmer Affidavits**

On September 28, 2023, in their Response to Polaris's Motion for Summary Judgment, Plaintiffs included the affidavits of two additional fact witnesses – Allison and Mack Farmer, who live near the crash site in Silva, North Carolina. [Docs. 102-12, 102-13.] These witnesses were not included on any prior Rule 26 disclosures or in written interrogatory responses seeking the identity of anyone who had information related to this crash. Additionally, neither party has deposed either witness (and, of course, the deadline to depose fact witnesses had arrived long before the disclosure of these new witnesses). Their affidavits include a description of Dark Ridge Road and contain statements regarding the frequency of crashes at or near the

4

"s" curve on Dark Ridge Road near Native Lane, where this crash occurred. These affidavits were signed and dated September 28, 2023, more than six and a half months after the close of fact discovery. [Docs. 102-12, 102-13.]

### B. Nina Kipp's Photographs

On September 29, 2023, Plaintiffs disclosed a word document containing 11 photos they claim to have been taken by Nina Kipp. [Ex. 2.] These photos had not previously been seen by Defendant nor disclosed by Plaintiffs in any manner. The photos include images of Dark Ridge Road at the crash site, as well as photos of the Subject Vehicle. [Ex. 2.]

## IV. Argument

By disclosing these late affidavits and photos, Plaintiffs failed to comply with this Court's case management order and, therefore, should be prohibited from introducing such evidence and witnesses at trial. FED. R. CIV. P. 37(b)(2)(iii).

### A. The Farmer Affidavits Should be Excluded from Trial and the Farmers Should not be Permitted to Testify.

Plaintiffs' disclosure of these additional witnesses comes as a complete surprise to Polaris. These witnesses are not individuals who witnessed the crash, nor are they individuals who responded to the crash scene the night of the crash. Rather, they are individuals who allegedly live along Dark Ridge Road (where the crash

occurred) and whose affidavits seem to indicate that they plan on testifying solely that crashes occur on the road frequently.[1]

These witnesses were not listed in any initial or supplemental disclosures by Plaintiffs. [Doc. 22; Ex. 3, Plaintiffs' Supplemental Disclosures.] As such, Polaris did not have the opportunity to depose these additional witnesses, conduct any additional discovery that may arise from these witnesses' statements, or adequately develop any counter evidence that may have been needed. Plaintiffs had months to discover these individuals and properly disclose them. However, they only sought these affidavits in order to respond to Polaris's Motion for Summary Judgement – months after fact and expert discovery had closed. Plaintiffs have no substantial justification or explanation for the untimely disclosure. Allowing these affidavits in, or the Farmers to testify at trial, would be unfair and would render the longstanding discovery deadline in this case ineffective. As such, the Farmers' affidavits should be excluded, the Farmers should not be permitted to testify at trial, and no experts should be allowed to consider the contents of these affidavits.

**B. Nina Kipp's Photographs Should Be Excluded from this Lawsuit**.

---

[1] That other accidents occur frequently on Dark Ridge Road is further evidence that individuals should take extra precaution when driving on this road, and specifically should not drive under the influence of alcohol.

Additionally, the photographs taken by Nina Kipp were produced by Plaintiffs to Polaris for the first time on September 29, 2023. [Ex. 2.] They were allegedly taken the day after the crash by Nina Kipp, the wife of former co-defendant and driver, Eric Kipp, and the sister-in-law of Plaintiffs. Nina Kipp was deposed in this matter on February 1, 2023 and was represented by counsel at her deposition. At her deposition, Ms. Kipp was questioned about any photographs she had depicting the vehicle or the crash scene. [Ex. 4, N. Kipp Dep., 96:22–23.] Ms. Kipp indicated that she no longer had any photos of the crash scene on her phone and that she did not store any photos on the cloud or other applications such that the photos would still be accessible. [*Id.* at 97:12–99:2.]

Plaintiffs have no substantial justification or explanation for why these photographs were suddenly produced to Polaris more than six months after the close of fact discovery and seven months after Nina Kipp's deposition. As a result of the late disclosure, Polaris did not have the opportunity to question Nina Kipp on these photographs during her deposition and as such, it has no way to authenticate the validity or timing of these photographs.[2]

---

[2] Polaris is simultaneously filing a separate Motion *in Limine* to preclude Ms. Kipp from testifying to any potential opinions about the accident using these untimely disclosed photographs.

Plaintiffs could have produced these photographs and affidavits during the appropriate discovery period, but they failed to do so. If this evidence is admitted, Polaris's experts would need to review these documents and determine whether they impact their ultimate opinions. This would come at a significant expense, particularly given the impending trial date. Furthermore, expert discovery closed on August 31, 2023 and it has not been re-opened (nor would it be feasible or efficient to do so). [Doc. 80.] It would be unfair for Plaintiffs' experts to rely on these photographs, and for Polaris' experts to be cross-examined on these photographs in any way, when Plaintiffs produced these photographs well-after the expert reports were due and after expert discovery had been completed.

Lastly, even if this Court granted leave to depose the two additional witnesses and re-depose Nina Kipp on these photographs, it would be extremely burdensome to Polaris to prepare effectively for those depositions, while also preparing for the final pre-trial conference set for December 19, 2024 and the trial set for January 13, 2025. Plaintiffs have no explanation or substantial justification for their delay in providing these materials to Polaris. As such, Plaintiffs' failure to disclose these witnesses and photographs is not harmless. Polaris, therefore, requests that these additional witnesses, their affidavits, and the photographs taken by Nina Kipp be excluded from trial.

## V. Conclusion

Polaris respectfully requests this Court to grant its Motion *in Limine* to exclude any evidence disclosed after the discovery deadline, and for such other relief as this Court deems equitable and just.

December 5, 2024

Respectfully submitted,

*/s/ James M. Dedman, IV*
James M. Dedman, IV, N.C. Bar No. 37415
GALLIVAN WHITE & BOYD, P.A
6805 Carnegie Blvd., Suite 200
Charlotte, NC 28211
Telephone: (704) 227-1944
Facsimile: (704) 362-4850
Email: jdedman@gwblawfirm.com

Justin A. Barker (admitted pro hac vice)
Matthew E. Nirider (admitted pro hac vice)
Dawn M. Beery (admitted pro hac vice)
Alison S. Cooney (admitted pro hac vice)
NELSON MULLINS RILEY & SCARBOROUGH LLP
123 N. Wacker Drive, Suite 2100
Chicago, IL 60606
Telephone: (312) 376-1022
Facsimile: (312) 264-9491
Email: Justin.Barker@nelsonmullins.com
Email: Matt.Nirider@nelsonmullins.com
Email: Dawn.Beery@nelsonmullins.com
Email: Alison.Cooney@nelsonmullins.com

*Counsel for Defendant Polaris Industries Inc.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| WILLIAM ZIEGLER and VICKI ZIEGLER,<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES INC.,<br><br>Defendant. | Case No. 1:23-cv-00112<br><br>CHIEF JUDGE MARTIN REIDINGER<br><br>MAGISTRATE JUDGE W. CARLETON METCALF |

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2024, a copy of the foregoing Polaris Industries Inc.'s Memorandum in Support of its Motion *in Limine* to Exclude Evidence Disclosed After the Discovery Deadline was filed electronically and served upon all counsel of record through the Court's Electronic Case Filing System.

*/s/ James M. Dedman, IV*
James M. Dedman, IV

*Counsel for Defendant Polaris Industries Inc.*